UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Respondent,<br><br>v.<br><br><br><br>PEDRO REYES VALENCIA,<br><br>　　　　Defendant-Petitioner. | Civil No. 13-CV-2545-L<br>Criminal No. 12-CR-0286-L<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 [ECF No. 313]**<br><br>**(2) DENYING MOTIONS FOR EXTENSION OF TIME AS MOOT [ECF Nos. 312, 332] and**<br><br>**(3) DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT [ECF No. 314.]**<br><br>**[28 U.S.C. § 2255]** |

On October 21, 2013, Petitioner Pedro Reyes Valencia ("Petitioner") proceeding *pro se*, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On February 18, 2014, the Government filed a Response to Petitioner's motion. The Court has reviewed the record, the submissions of the parties, and the supporting exhibits and, for the reasons set forth below, **DENIES** Petitioner's motion.

## BACKGROUND

Petitioner was charged by Indictment with one count of conspiracy to distribute methamphetamine pursuant to 21 U.S.C. §§ 841(a)(1) and 846. On May 31, 2012, Petitioner pled guilty to the charge pursuant to a written plea agreement. Under the terms of the plea agreement, Petitioner agreed to waive any right to appeal or to collaterally attack his conviction and sentence, unless the Court imposed a sentence in excess of the high end of the applicable guideline range. (Plea Agreement; Gov't Ex. 1; ¶ XI.) On October 15, 2012, Petitioner was sentenced by this Court to 120 months followed by 5 years of supervised release. In addition, Petitioner was assessed a $100 special assessment.

## ANALYSIS

As part of his plea agreement, Petitioner waived both the right to appeal and the right to collaterally attack the judgment and sentence. A knowing and voluntary waiver of a statutory right is enforceable. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). The right to collaterally attack a sentence under § 2255 is statutory in nature, and a defendant may therefore waive the right to file a § 2255 petition. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).

The scope of a § 2255 waiver, however, may be subject to potential limitations. For example, a waiver might be ineffective where the sentence imposed is not in accordance with the negotiated agreement, or if the sentence imposed violates the law. *Id.*; *United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1997). Additionally, a defendant's waiver will not bar an appeal if the trial court did not satisfy certain requirements under Rule 11 of the Federal Rules of Criminal Procedure to ensure that the waiver was knowingly and voluntarily made. *Navarro-Botello*, 912 F.2d at 321. Finally, a waiver may not "categorically foreclose" a defendant from bringing § 2255 proceedings involving ineffective assistance of counsel or involuntariness of waiver. *Pruitt*, 32 F.3d at 433; *Abarca*, 985 F.2d at 1014. Unless Petitioner can demonstrate that one of these limitations to the validity of the waiver are applicable, this Court lacks jurisdiction to consider his collateral challenge to his conviction and sentence. *See Washington v. Lampert*, 422 F.3d. 864, 871 (9th Cir. 2005) (recognizing that if sentencing agreement's

waiver of the right to file a federal habeas petition under 28 U.S.C. § 2254 was valid, district court lacked jurisdiction to hear the case).

The Government contends that Petitioner knowingly and voluntarily waived his right to appeal and collateral attack. The Court agrees and finds none of the potential limitations to the validity of the waiver are applicable in this case.

First, the sentence imposed was in accordance with the negotiated plea agreement and applicable sentencing guidelines. Petitioner's sentence of 120 months was based on a base offense level of 34 [U.S.S.G. § 2D1.1(a)(5)], minus 3 for acceptance of responsibility [U.S.S.G. § 3E1.1], as agreed upon by the parties. (Plea Agreement, Gov't Ex. 1, ¶ X(A).) Prior to sentencing, the parties also negotiated Fast Track, for an additional minus 1. (Transcript of Sentencing Hearing, Gov't Ex. 7, at 12.) In the plea agreement, the Government agreed to recommend Petitioner be sentenced to the low end of the guideline range. (Plea Agreement, Gov't Ex. 1, ¶ X(F); Response and Opposition to Request Downward Departure, Gov't Ex. 6, at 7. ) The Court sentenced Petitioner according to the negotiated terms of the plea agreement.

Second, the record of the disposition proceedings indicates that Petitioner knowingly and voluntarily entered into the plea agreement and that the requirements of Rule 11 were adhered to. Petitioner was advised of the right to maintain his plea of not guilty, he was advised of the rights he was giving up by pleading guilty, and he was specifically advised that he was waiving his right to appeal and collateral attack. (Transcript of Plea Hearing; Gov't Ex. 2, at 4-5, 10-11.) The record further reflects that Petitioner was advised of the nature of the charge to which he was pleading guilty, the maximum possible penalty, and the Court's obligations with regard to the Sentencing Guidelines. (*Id.* at 5-6, 8-9.) During the proceedings, Petitioner clearly acknowledged his understanding of the terms of the plea agreement and the voluntary nature of his decision to enter into the plea agreement. (*Id.* at 9-13.) The Court confirmed that Petitioner had enough time to discuss it with his counsel, that counsel had explained the agreement to him, and that counsel had answered all of his questions. (*Id.* at 9-10.) Petitioner also affirmed that he was pleading guilty of his own free will and that he was, in fact, guilty as charged. (*Id.* at 10-11, 13.) Petitioner also affirmed that he was satisfied with the services of his counsel. (Plea

Agreement, Gov't Ex. 1, ¶ XVI.)

Finally, the Court finds that Petitioner's claim of ineffective assistance of counsel does not invalidate his waiver in this case. "A claim of ineffective assistance [of counsel] may be used to attack the voluntariness and hence the validity of a guilty plea." *United States v. Keller*, 902 F.2d 1391, 1394 (9th Cir. 1990); *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). To prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The limitation against waivers is applicable to claims "based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain." *Pruitt*, 32 F.3d at 433. In the context of guilty pleas, to satisfy the "prejudice" requirement "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. In considering this issue, there is a "strong presumption that counsel's conduct falls within a wide range of acceptable professional assistance." *Strickland*, 466 U.S. at 689. Moreover, *post-hoc* complaints about the strategy or tactics employed by defense counsel are typically found to be insufficient to satisfy the first prong of *Strickland*. *See, e.g., United States v. Simmons*, 923 F.2d 934, 956 (2nd Cir. 1991) (appellant's displeasure with strategy employed by trial counsel insufficient to establish ineffectiveness).

Petitioner argues that his defense counsel's performance was deficient for three reasons: (1) defense counsel promised a plea agreement with a five-year sentence, (2) defense counsel was not a good advocate because he only pursued a plea bargain, and (3) defense counsel did not investigate the surveillance video that showed Petitioner was not present during the May 12, 2011 methamphetamine transaction where approximately 107 grams of actual methamphetamine were sold. (Petitioner's Affidavit of Law, ¶¶ A(1)-(3).) All of these claims are without merit.

First, although Petitioner continuously asserts his defense counsel promised him a five-year sentence if he signed the plea agreement, he has not produced any documentation or evidence of such a promise. The evidence in the record also undermines Petitioner's assertion. Petitioner acknowledged that he read and understood the plea agreement by signing it and

initialing each page, including the page which advised him of the mandatory ten-year minimum sentence. (Plea Agreement, Gov't Ex. 1, at 3, 13.) Next, during the plea hearing, Petitioner verbally affirmed he understood he was subject to a minimum sentence of ten years twice. (Transcript of Change of Plea Hearing, Gov't Ex. 2, at 6-7, 8-9.) Finally, when the magistrate judge asked Petitioner if he had any questions about his plea agreement, Petitioner responded "No." (*Id.* at 9-10.) Thus, the record supports the Government's position that defense counsel properly advised Petitioner of the ten-year mandatory minimum sentence, and Petitioner's claim fails on this argument.

Furthermore, even if the Court accepted Petitioner's allegation that his counsel misrepresented the plea agreement, he cannot demonstrate prejudice because during the plea hearing, he verbally affirmed that he understood and accepted the plea agreement in its entirety, including the ten-year mandatory minimum sentence. *See United States v. Gleason,* 16 Fed. App'x 810, 812 (9th Cir. 2001) ("[defendant's] post hoc statements concerning his counsel's alleged misrepresentation do not belie his statements made under oath at the change of plea hearing establishing . . . he was pleading guilty knowingly and voluntarily.") (citing *United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir. 1987)) (finding that even if a defendant's counsel misinforms him of the nature of the plea bargain, the defendant fails to show prejudice when he acknowledges the correct terms of the plea agreement during the plea hearing.)

Petitioner's second argument alleges his defense counsel "was only interested in a plea bargain and was not a good advocate." (Petitioner's Affidavit of Law, ¶ A(2).) Petitioner provides only his opinion, but no other documentation or evidence to show how his counsel fell below "the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). To the contrary, the record shows Petitioner's counsel acted as a vigorous advocate during plea negotiations, which took over four months. (Response and Opposition to Petitioner's Motion, at 8.) Petitioner's counsel also filed sentencing papers which set forth sympathetic and mitigating facts (Defendant's Sentencing Memorandum, Gov't Ex. 5.), and advanced a creative argument at sentencing to urge the court to depart from the mandatory minimum sentencing. (Defendant's

Request for Downward Departure, Gov't Ex. 4.)  Furthermore, in Petitioner's signed plea agreement he acknowledged he was "satisfied with counsel and [was] satisfied with counsel's representation" by initialing that section.   (Plea Agreement, Gov't Ex. 1, at 12, 13.) Accordingly, Petitioner has not overcome the "strong presumption that [his] counsel's conduct falls within the wide range of acceptable professional assistance" and his claim must fail under this argument.  *Strickland v. Washington*, 466 U.S. 668, 689 (1985)(also finding there is a presumption that defense counsel's action "might be considered sound trial strategy.")(citations omitted).

Petitioner's third and final argument alleges his defense counsel should have investigated the surveillance video from the methamphetamine transaction that occurred on May 12, 2011 because it would have shown he was not "part of the 1/4lb. [sic] deal." (Petitioner's Affidavit of Law, ¶ A(3).)  However, Petitioner admitted his involvement in that deal in both the plea agreement and during the plea hearing. (Plea Agreement, Gov't Ex. 1, at 3, 13; Transcript of Change of Plea Hearing, Gov't Ex. 2, at 12-13.)  While Petitioner may not have been physically present during the May 12, 2011 transaction, he admitted to facilitating the sale. (Defendant's Request for Downward Departure, Gov't Ex. 4, at 4; Defendant's Sentencing Memorandum, Gov't Ex. 6, at 2, 4.)  Even if counsel did not review the surveillance video, Petitioner has not demonstrated a "reasonable probability" that, but for this deficiency in representation, "the result of the proceeding would have been different" because he ultimately admitted his participation in that deal. *Strickland*, 466 U.S. at 694.

The Court finds that none of the recognized limitations to a defendant's waiver of the right to bring a § 2255 motion are present in this case.   Accordingly, the collateral attack waiver provision in Petitioner's plea agreement will be enforced.

## EVIDENTIARY HEARING

The court is not required to hold an evidentiary hearing when ruling on § 2255 motions. 28 U.S.C. § 2255; *Shah v. United States*, 878 F.2d 1156, 1159-60 (9th Cir. 1989).  Section 2255 allows courts to forego such a hearing when "the motion and the files and records of the case

conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *United States v. Racich*, 35 F.Supp. 2d 1206, 1221 (S.D. Cal. 1990). The Court finds an evidentiary hearing is not required in this matter because the records conclusively demonstrate Petitioner is not entitled to relief.

## REQUEST TO PROCEED IN FORMA PAUPERIS

Petitioner filed an application to proceed in forma pauperis ("IFP"). Because a motion under § 2255 is filed as part of the underlying criminal prosecution, it does not require payment of a filing fee as does a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2255. Accordingly, the Court **DENIES** Petitioner's request to proceed IFP.

## CONCLUSION

For the reasons set forth above, the Court finds that Petitioner has waived his right to collaterally challenge his conviction and sentence in this matter and his ineffective assistance of counsel claim lacks merit. Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE**. Further, the Court **DENIES** as moot Petitioner's requests for extension of time, [ECF Nos. 313, 332], and **DENIES** Petitioner's request to proceed in forma pauperis. [ECF No. 314.]

**IT IS SO ORDERED.**

DATED: October 27, 2014

M. James Lorenz
United States District Court Judge

COPY TO:
Pedro Reyes Valencia
Reg. No. 30249-298
United States Penitentiary
3901 Klein Blvd.
Lompoc, CA 93436

Laura Duffy
U.S. Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101